DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

SAMIR ASHAN YOUNG,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-0042

_____

July 10, 2026

Appeal from the Circuit Court for Hillsborough County; Samantha L. Ward, Judge.

Blair Allen, Public Defender, and Peter J. Brewer, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.

SLEET, Judge.

Samir Young appeals from his judgment and sentences for first-degree felony murder, robbery with a firearm or deadly weapon, and armed robbery of a conveyance. Young was convicted following a jury trial, and the trial court sentenced him to life imprisonment. We affirm his convictions and sentences but write to address the State's contention on appeal that based on *Bush v. State*, 295 So. 3d 179 (Fla. 2020),

inference stacking is now a permissible way to obtain a conviction in Florida. It is not.

Although we conclude without further comment that the evidence presented by the State did not require an impermissible stacking of inferences, we recognize that such is still impermissible. Despite *Bush*'s elimination of the special circumstantial evidence standard, the prohibition against pyramiding inferences remains a separate and distinct evidentiary principle.

Prior to *Bush*, the standard long applied by Florida courts in circumstantial evidence cases was that "[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." *Hodgkins v. State*, 175 So. 3d 741, 746 (Fla. 2015) (quoting *Thorp v. State*, 777 So. 2d 385, 389 (Fla. 2000)). But in *Bush*, the Florida Supreme Court concluded that "this special standard is unwarranted, confusing, and out of sync with both the jury instructions currently used in this state and the approach to appellate review used by the vast majority of the courts in this country" and discontinued its use in Florida. 295 So. 3d at 199. The *Bush* opinion did not, however, address inference stacking.

The State relies on case law that has identified one justification for the special circumstantial evidence test as "guard[ing] against basing a conviction on impermissibly stacked inference." *Hodgkins*, 175 So. 3d at 749 (quoting *Ballard v. State*, 923 So. 2d 475, 482 (Fla. 2006)); *see also, e.g.*, *Miller v. State*, 770 So. 2d 1144, 1149 (Fla. 2000) ("In addition, the circumstantial evidence test guards against basing a conviction on impermissibly stacked inferences."). However, courts of this state have

continued post-*Bush* to recognize the prohibition against conviction by pyramiding of inferences.

In *State v. Huntley*, 310 So. 3d 418, 418-19 (Fla. 4th DCA 2021), although the Fourth District acknowledged that "in light of *Bush . . .* the jurisprudence regarding inference stacking may evolve," it also determined that "the dictates of precedent" required it to affirm the trial court's entry of judgment of acquittal because it could not be "conclude[d] that the defendant committed an intentional act without impermissibly stacking inferences." (Emphasis omitted.)

Similarly, in *Rodriguez v. State*, 335 So. 3d 168, 174 (Fla. 3d DCA 2021), the Third District concluded that *Bush* "overruled only that portion of *Hodgkins* relating to whether the State's evidence was sufficient to overcome Hodgkins' reasonable hypothesis of innocence, while leaving intact *Hodgkins*' conclusion that the evidence in that case was legally insufficient to prove Hodgkins' guilt beyond a reasonable doubt." *See also Garcia v. State*, 373 So. 3d 1213, 1222-23 (Fla. 3d DCA 2023) (noting that even where the State's case consists only of circumstantial evidence, the standard of review is "whether competent, substantial evidence has been presented by the State as to each element of the crime" and stating that "[w]hile a jury may draw reasonable inferences from the State's evidence to reach the conclusion of guilt, 'evidence is insufficient to support a conviction when it requires pyramiding of assumptions or impermissibly stacked inferences' " (quoting *Baugh v. State*, 961 So. 2d 198, 205 (Fla. 2007))).

In *State v. Perez Franco*, No. 1D2023-1916, 2026 WL 679566, at *4 (Fla. 1st DCA Mar. 11, 2026), the First District explained that although "[a] jury is allowed to draw reasonable inferences *from the evidence presented at trial*," it nevertheless "may not draw an inference from an

3

inference rather than from the evidence presented by the parties." (Emphasis added.) Such inference stacking results in insufficient evidence to support a conviction. *Id.*

We agree with the reasoning of our sister courts that the Florida Supreme Court's elimination in *Bush* of Florida's special standard for reviewing wholly circumstantial evidence cases did not green light the impermissible stacking of inferences as a short cut to establishing a defendant's guilt. "An inference is a permissible analytical move a factfinder may make in determining whether a proponent of a factual proposition has met the legally required burden of proof." *Fogarty v. State*, 403 So. 3d 1026, 1033 (Fla. 1st DCA 2024). But "[i]nference . . . is not evidence" and "must [itself] be rooted in admitted evidence." *Id.* Each individual inference must be drawn from an evidentiary fact; a factfinder cannot "draw an inference from an inference" to "substitute for direct evidence that is lacking." *Id.*

Affirmed.

LaROSE and KHOUZAM, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.